IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY C. HANSON,

                Plaintiff,

OPINION AND ORDER

20-cv-429-bbc

    v.

PAUL HESTEKIND, CAROL MIDDLETON,
ELIZABETH TEGELS, M. DOBSON,
P. MILLER AND WISCONSIN DEPARTMENT
OF CORRECTIONS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Troy C. Hanson, by counsel, filed this lawsuit contending that employees of the Wisconsin Department of Corrections violated his rights under the constitution, Americans with Disabilities Act and state law by failing to accommodate his knee injury while he was incarcerated at Jackson Correctional Institution.  In particular, plaintiff alleges that defendants acted with deliberate indifference and negligence by requiring him to sleep on a top bunk and refusing to grant him a bottom bunk restriction.  Plaintiff alleges that while he was climbing down from his top bunk, he fell, hit his head, sprained his ankle and broke his foot. He also alleges that he was repeatedly denied pain medication and ice after his fall.

      Now before the court is defendants' motion to dismiss.  Dkt. #11.  Defendants argued initially that all of plaintiff's claims should be dismissed under the fugitive disentitlement doctrine because plaintiff had absconded while on extended supervision and had failed to report to his probation agent.  Defendants later withdrew that argument, dkt. #24, so I will not consider it.  Defendants also argue that plaintiff's state law negligence claims should be dismissed

1

because plaintiff failed to comply with Wisconsin's notice of claim statute, Wis. Stat. § 893.82. Although plaintiff filed a notice of claim, defendants argue that plaintiff's notice does not satisfy the requirements of the statute.

The notice of claim statute requires that a claimant serve a notice on the attorney general within 120 days of the event-causing injury as a precondition to suit against a state employee. Wis. Stat. § 893.82(3). The notice of claim must be served by certified mail, and must include the "time, date, location, and circumstances of the event giving rise to the claim for the injury," as well as "the name of the state officer, employee or agent involved." Id. The statute is treated as jurisdictional, and strict compliance is required. Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010); Kellner v. Christian, 539 N.W.2d 685, 690, 197 Wis. 2d 183, 195 (1995).

Plaintiff's counsel sent a notice of claim to the attorney general's office by certified mail on September 15, 2017. Dkt. #15-1. The notice identified the following state employees as being involved in his claim: Lizzie Tegels; Sgt. Hesse/Hass/Haas (spelling unknown); Nurse Mudder, RN; and ABC Employee. The notice alleged that Nurse Mudder failed to document in the computer system that plaintiff was to receive a low bunk restriction; Sgt. Hesse/Hass/Haas refused to assign plaintiff to a low bunk; and ABC Employee failed to provide treatment for the injuries plaintiff suffered while climbing from the top bunk. Id. Plaintiff now clarifies that "Sgt. Hesse/Hass/Haas" is actually Hestekind; that "Nurse Mudder" is actually Middleton, and that "ABC Employee" is actually two employees: Patti Miller and Mary Dobson.

Defendants contend that plaintiff's notice of claim does not satisfy § 893.82(3) because the statute requires claimants to include the names of state employees involved in their claim.

2

Defendants argue that plaintiff failed to comply strictly with the statute by using the wrong names for Hestekind and Middleton, and by using ABC Employee for Miller and Dobson. Plaintiff responds that he identified these defendants as best as he could under the circumstances. He also says that his counsel attempted to determine defendants' correct names by writing letters to Jackson Correctional Institution and submitting open records requests to the state, but that he was unable to determine their names in time to include them in a notice of claim.

As an initial matter, neither side addressed whether plaintiff's claims against defendants Miller and Dobson fall outside of the requirements of Wis. Stat. § 893.82(3). Under § 893.82(5m), claimants are not required to file a notice of claim for negligence claims based on medical malpractice, and plaintiff's allegations against Miller and Dobson could be construed as being medical malpractice claims. Plaintiff alleges that Miller and Dobson are health care employees who failed to provide him proper treatment for his injuries. Because plaintiff's state law claims against Miller and Dobson appear to be medical malpractice claims, I will not dismiss them for his failure to file a notice of claim against them.

However, I agree with defendants that plaintiff's notice of claim is not sufficient as to his claims against defendants Hestekind and Middleton. Wisconsin courts have emphasized that strict compliance with § 893.82(3) is required, even if the state has actual notice of a plaintiff's claims. Kellner, 197 Wis. 2d at 196. See also Modica v. Verhulst, 195 Wis.2d 633, 647, 536 N.W.2d 466 (1995) (notice of claim statute not satisfied where claimant listed state employee's job title but not employee's name); Estate of Radley ex rel. Radley v. Ives, No. 2006AP971, 2006 WL 3842180, *2 (Wis. Ct. App. Dec. 28, 2006) (unpublished) (finding notice of claim

3

deficient when notice identified defendants through attachments and "listed the incorrect names for the nurses at issue" in body of notice); Wells v. Govier, No. 18-CV-693-JDP, 2020 WL 2112271, at *1 (W.D. Wis. May 4, 2020) (dismissing negligence claims because notice of claim was sent by first-class mail instead of certified mail as required by statute).  In this instance, plaintiff did not just misspell the defendants' names—he included names that were not particularly close to defendants' actual names. Moreover, plaintiff has not shown that he acted diligently to determine defendants' names or that the state impeded his efforts.  His counsel concedes that he did not submit open records requests to determine the correct names until several months *after* he mailed the notice of claim.  Dkt. #18.  Therefore, I conclude that plaintiff may not proceed with his state law negligence claims against Hestekind or Middleton.

Finally, I also agree with defendants that plaintiff's notice of claim is not sufficient to preserve a negligence claim as to defendant Tegels.  Plaintiff includes no specific allegations involving Tegels in his notice of claim or in his complaint, beyond stating that she is the warden of Jackson Correctional Institution and that she is responsible for the policies affecting the institution.  These allegations are far too vague to place the state on notice of how Tegels was involved in the "circumstances of the event giving rise to the claim for the injury" or what negligent actions she took that injured plaintiff.  Therefore, I will dismiss plaintiff's state law negligence claims against defendants Hestekind, Middleton and Tegels.

ORDER

IT IS ORDERED that defendants' motion to dismiss, dkt. #11, is GRANTED IN PART

and DENIED IN PART. The motion is GRANTED as to plaintiff's state law negligence claims against defendants Paul Hestekind, Carol Middleton and Elizabeth Tegels. The motion is DENIED in all other respects.

Entered this 13th day of November, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge