IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY C. HANSON,

                                                                                       OPINION AND ORDER

                    Plaintiff,

                                                                                       20-cv-429-bbc

     v.

PAUL HESTEKIND, CAROL MIDDLETON,
ELIZABETH TEGELS, M. DOBSON,
P. MILLER AND WISCONSIN DEPARTMENT
OF CORRECTIONS,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Troy C. Hanson, by counsel, filed this lawsuit contending that employees of the Wisconsin Department of Corrections violated his rights under the Constitution, the Americans with Disabilities Act and state law by failing to accommodate his knee injury while he was incarcerated at Jackson Correctional Institution. Now before the court is defendants' second motion to dismiss the case under the fugitive disentitlement doctrine because plaintiff absconded while on extended supervision and failed to report to his probation agent. Dkt. #50. (Defendant withdrew the first motion after plaintiff reported to his probation after several months, to his agent.) Defendants have submitted evidence showing that plaintiff failed to report to his supervision agent between December 2019 and August 2020, and between January 2021 and June 2021. Wisconsin's online inmate records list plaintiff's status as "absconded," and his whereabouts as "unknown."

      Plaintiff's counsel opposed the motion initially, dkt. #54, but later filed a motion to withdraw as counsel. Dkt. #56. According to counsel, plaintiff has failed to communicate or

1

cooperate with them, rendering it impossible for them to provide effective representation. Counsel warned plaintiff repeatedly that they would withdraw if he did not cooperate with prosecuting the case, but he has continued to ignore their communication attempts. Plaintiff did not respond to counsel's motion to withdraw, despite being given the opportunity to do so.

I will grant counsel's motion to withdraw and defendants' motion to dismiss. Under the fugitive entitled doctrine, courts may dismiss civil actions by individuals who are fugitives from justice. Gutierrez-Almazan v. Gonzales, 453 F.3d 956, 957 (7th Cir. 2006). On two occasions, plaintiff has absconded from his supervision for several months, causing significant delay in the prosecution of this case. Defendants have been unable to obtain discovery or depose plaintiff. Plaintiff has ignored his counsel's attempts to communicate and move this case forward, and he did not respond to his counsel's motion to withdraw. Plaintiff's actions show that he has abandoned his case, so I will not require defendants or plaintiff's counsel to continue litigating it. The case will be dismissed with prejudice.

ORDER

IT IS ORDERED that

1. The motion to withdraw by Timothy S. Jacobson of Fitzpatrick, Skemp & Butler, LLC, dkt. #56, is GRANTED.

2. Defendants' motion to dismiss, dkt. #50, is GRANTED. This case is DISMISSED with prejudice.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 7th day of September, 2021.

                                           BY THE COURT:

                                           /s/

                                           _____
                                           BARBARA B. CRABB
                                           District Judge